UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNIGHTSCOPE, INC.,<br><br>   *Plaintiff*,<br><br>v.<br><br>CAPYBARA RESEARCH and IGOR APPELBOOM,<br><br>   *Defendants*. | Civil Action No. 1:23-cv-11050-DLC<br><br>**[PROPOSED] DEFAULT JUDGMENT** |

  This matter comes before the Court by motion filed by Plaintiff Knightscope, Inc. ("Plaintiff") for the entry of final judgment and permanent injunction by default against Defaulting Defendant Capybara Research ("Defaulting Defendant" or "Capybara Research"). This Court, having considered Plaintiff's Motion for Default Judgment, the Declaration of Joseph F. Rose, Esq. in Support of Plaintiff's Motion for Default Judgment, the Affidavit of William Santana Li in Support of Plaintiff's Motion for Default Judgment, Plaintiff's Complaint, a Certificate of Service executed on March 4, 2023, and a Certificate of Default of the Clerk of the Court stating that no answer has been filed by Defaulting Defendant in the instant action, and upon all other pleadings and papers on file in this action, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1

## I. Defaulting Defendant's Liability

On December 20, 2023, Plaintiff Knightscope, Inc. commenced this action against the Defaulting Defendant with the filing of Plaintiff's Complaint (ECF 1).  On January 25, 2024, Plaintiff filed a motion for alternative service pursuant to Fed. R. Civ. P. 4(f)(3) for authorization to serve Capybara Research by filing a press release and Form 8-K onto U.S. Securities and Exchange Commission's Electronic Data Gathering, Analysis and Retrieval ("EDGAR") system (ECF 11).

On January 29, 2024, an order was entered granting Plaintiff's motion for alternative service as to Capybara Research (ECF 20).  On March 1, 2024, Plaintiff filed a copy of the summons and complaint, the press release, Form 8-K public disclosure and the Court's Order authorizing such alternative service onto EDGAR providing Capybara Research with the constitutional requirement of actual notice of this action.  On March 4, 2024, Plaintiff filed a certificate of service reflecting proper service of Plaintiff's summons and Complaint upon Capybara Research through the filing of a press release, Form 8-K and the Court's Order authorizing alternative such service onto EDGAR (ECF 23).

On March 25, 2024, Ruby J. Krajik, the Clerk of the Court for the Southern District of New York, issued a Certificate of Default against the Defaulting Defendant Capybara Research (ECF 43).  No claims or answers have been filed or made in this action by the Defaulting Defendant, and the requisite time period to file an answer expired on March 22, 2024.  As such, it is hereby

**ORDERED, ADJUDGED AND DECREED** that pursuant to Fed. R. Civ. P. 55(b)(2), judgment is hereby granted in favor of Plaintiff on all claims properly pled against Defaulting Defendant Capybara Research in the Complaint.

## II. Equitable Relief Awarded

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court has found that Plaintiff has sufficiently pled its claims and sufficiently set forth the basis for which injunctive relief should be awarded in its Complaint and Motion for Default Judgment. Defaulting Defendant, and all persons acting individually, or in concert with, under the direction of, or in support of Defaulting Defendant (regardless of whether located in the United States or abroad), including any internet media outlet, that publishes, republishes or references the articles authored and published by Defaulting Defendant titled *Knightscope (KSCP) - From a RoboCop Inspired Fairytale to an Inevitable Dilution Dilemma $0.5 target* and *More Problems at Knightscope (Supplemental to our initial report)* (the "Capybara Reports") who receives actual notice of this Order are hereby:

a. Directed to publicly retract in writing and/or remove the Capybara Reports from its website, social media accounts and/or any such other medium available for public view;

b. Directed to publicly retract in writing and/or remove any reference to the Capybara Reports from its website, social media accounts and/or any such other medium available for public view; and

c. Permanently enjoined and restrained from the authoring and/or publishing of additional media referencing the Capybara Reports, except for a written, public retraction of previously published media referencing the Capybara Reports.

### III. <u>Miscellaneous Relief</u>

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any failure to comply with the terms of this Order by Defaulting Defendant, and all persons acting individually, or in concert with, under the direction of, or in support of Defaulting Defendant (regardless of whether located in the United States or abroad), including any internet media outlet, that publishes, republishes or references the Capybara Reports that receives actual notice of this Order shall be deemed contempt of Court and subject to contempt remedies to be determined by the Court. The Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this _____ day of _____, 2024.

_____

Hon. Denise L. Cote
United States District Judge